JON M. SANDS
Federal Public Defender
850 W. Adams, Ste 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

CELIA M. RUMANN
State Bar # 015993
Asst. Federal Public Defender
Attorney for Defendant
celia_rumann@fd.org

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-05-1131-PCT-DGC |
|---|---|
| Plaintiff, | |
| vs. | **SENTENCING MEMORANDUM AND MOTION FOR SENTENCING VARIANCE** |
| Brian Perez, | |
| Defendant. | |

Brian Perez, through undersigned counsel, respectfully asks this Court to consider the following motion and memorandum in determining the sentence to be imposed in this case.

Respectfully submitted:  August 7, 2006.

JON M. SANDS
Federal Public Defender


s/Celia M. Rumann
CELIA RUMANN
Assistant Federal Public Defender

1

**MEMORANDUM**

2      For the past few years, Brian Perez had been on the wrong road.  He was

3   using drugs.  He had run-ins with the law.  He was heading in the wrong direction.

4   However, he is a man who has turned a corner.

5      In 2005, Brian Perez and his wife and child left Arizona.  They moved

6   to Colorado.  It was an important decision for the family.  They knew they needed to

7   get away from the crowd they were associating with and away from the life they were

8   leading in Arizona.  They needed to begin anew.  They recognized that if they did not

9   change their ways, they would lose what matters most to them – each other and their

10  young child.  They decided to turn away from drugs and crime.   They decided to

11  choose a life dedicated to raising their child, and maintaining their family, rather than

12  the life they had been leading in Arizona.

13      As is often the case, however, though Mr. Perez decided to leave his past

14  behind, his past did not give up so easily.  The past has a way of finding you.  It did.

15  In October 2005, Brian Perez was arrested in this case.  He was held in custody for

16  seven days before being released in Colorado.   He was ordered to appear in Arizona

17  for this case.  When he appeared in this district, there were more mistakes from his

18  past that needed to be addressed.  He learned there were state court warrants for his

19  arrest.  He was ordered to resolve these warrants before returning to Colorado.

20  Rather than revert to his old life of irresponsibility, Mr. Perez faced the music. He

21  kept his promise to himself, his family and the Court.  He took care of the warrants.

22  He continues to maintain his resolve.

23      Since Brian Perez left Arizona, he truly has demonstrated the resolve he

24  has. He has done this in a number of ways.  First, he has not denied responsibility for

25  the mistakes he made here.  He has admitted them and stands prepared to be held

26  accountable for them.  He has met all his obligations to this Court.  Though he has

27  used drugs in the past, he has remained clean and sober during his release.  He has

28  reported to pretrial services as required.  He has demonstrated his commitment to

2

1   keep his obligations to this Court.

2          Most importantly, he has met his obligations to his family.  He has

3   stopped using drugs.  He has worked steadily.  He has found a good job, with a

4   promising future.  Given the mistakes of his past, he has done all anyone can to turn

5   his life around.

6          Mr. Perez asks this Court to consider these facts in determining the

7   appropriate sentence in this case.  Mr. Perez asks this Court to give him the

8   opportunity to continue to demonstrate his resolve.  Mr. Perez asks this Court to give

9   him the opportunity to continue to meet his commitments to his wife and child.  He

10  asks this Court for a sentence of time served, followed by five years supervised

11  release.  Such a sentence constitutes a variance.

12         For this offense, the maximum term of supervised release is five years.

13  That is a substantial period of time.  During this time, Mr. Perez will either meet the

14  challenge of his commitment to his new life, or he will face imprisonment.  Such a

15  sentence reflects the nature and circumstances of the offense, as well as the history

16  and characteristics of Mr. Perez.  It promotes respect for the law and provides a just

17  punishment for the offense.  It is a sentence that is sufficient but not greater than

18  necessary to accomplish the statutory objectives of sentencing.  *See* 18 U.S.C. §

19  3553(a)(1)-(6).

20         Respectfully submitted:  August 7, 2006.

21

22         JON M. SANDS
           Federal Public Defender

23

24         s/Celia M. Rumann
           CELIA RUMANN
25         Assistant Federal Public Defender

26

27

28

3

1  Copy of the foregoing transmitted
   by CM/ECF for filing this 7th day
2  of August, 2006, to:

3  CLERK'S OFFICE
   United States District Court
4  Sandra Day O'Connor Courthouse
   401 W. Washington
5  Phoenix, Arizona 85003

6
   **Paul Rood**
7  Assistant U.S. Attorney
   Two Renaissance Square
8  40 N. Central, Suite 1200
   Phoenix, Arizona  85004-4408
9
   **Jon Evanko**
10 U.S. Probation Officer
   401 West Washington Street, Suite 160
11 Phoenix, Arizona 85003

12 Copy of the foregoing mailed
   this 7th day of August, 2006, to:
13
   **Brian Perez**
14 Defendant

15
   s/Celia M. Rumann
16

17

18

19

20

21

22

23

24

25

26

27

28