PAUL K. CHARLTON
United States Attorney
District of Arizona

PAUL V. ROOD
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Arizona State Bar No. 004494
Telephone (602) 514-7500
Paul.Rood@usdoj.gov

___ FILED ✓ LODGED
___ RECEIVED ___ COPY

APR 1 2 2006

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

___ FILED ___ LODGED
___ RECEIVED ___ COPY

AUG 1 4 2006

CLERK U S          COURT
DISTRICT          A
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | |
| Plaintiff, | **CR 05-1131-PHX-DGC** |
| v. | **PLEA AGREEMENT** |
| BRIAN PEREZ, | (Sentencing Guidelines Are Advisory) |
| Defendant. | |

Plaintiff, United States of America, and defendant, BRIAN PEREZ, hereby agree to the following disposition of this matter:

## PLEA

Defendant will plead guilty to Count 1 of the indictment charging defendant with a violation of Title 18, United States Code, Section 1344, Bank Fraud, a class B felony offense.

## TERMS

Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands, however, that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

1



1. **MAXIMUM PENALTIES**

a.   A violation of Title 18, United States Code, Section 1344, is punishable by a maximum fine of $1,000,000.00, a maximum term of imprisonment of 30 years, or both and a term of supervised release of 60 months.

b.   According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the court shall:

(1)   Order the defendant to make restitution to any victim of the offense unless, pursuant to Title 18, United States Code, Section 3663 and Section 5E1.1 of the Guidelines, the court determines that restitution would not be appropriate in this case;

(2)   Order the defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code 3611 and Section 5E1.2(e) of the Guidelines, the defendant establishes the applicability of the exceptions found therein;

(3)   Order the defendant, pursuant to Title 18, United States Code, Section 3583 and Section 5D1.1 and 2 of the Guidelines to serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed, and the court may impose a term of supervised release in all other cases.

c.   Pursuant to Title 18, United States Code, Section 3013, the court is required to impose a special assessment on the defendant of $100.00. The special assessment is due at the time the defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

2. **AGREEMENTS REGARDING SENTENCING**

a.   The government will stipulate, pursuant to Federal Rule of Criminal Procedure 11 (c)(1)(C) that the defendant will be sentenced to no more than twenty-one (21) months in custody.

b.   The defendant agrees to make restitution on all counts and to any other victims identified by the investigation.

c.     If the court, after reviewing this plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement, giving defendant, in accordance with Fed. R. Crim. P. 11(e)(4), an opportunity to withdraw the guilty plea.

d.     The United States retains the unrestricted right to make any and all statements it deems appropriate to the Probation Office and to make factual and legal responses to any statements made by the defendant or defense counsel or objections to the presentence report or to questions by the court at the time of sentencing.

e.     <u>Acceptance of Responsibility</u>  Assuming the defendant makes full and complete disclosure to the Probation Department of the circumstances surrounding the defendant's commission of the offense and, if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will **recommend a two point reduction** in the applicable sentence guideline offense level, pursuant to Section 3E1.1 of the Guidelines.  If the offense level is 16 or greater, the United States will recommend a three point reduction in the applicable sentencing guideline level, pursuant to Section 3E1.1(b).

**3.     AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

This agreement does <u>not</u>, in any manner, restrict the actions of the United States in any other district nor bind any other United States Attorney's Office.

(a)     The Government will move to dismiss count 2-4 at sentencing, and no further federal charges will be filed based upon this investigation.

**4.     WAIVER OF DEFENSES AND APPEAL RIGHTS**

(a)     Defendant hereby waives any right to raise on appeal or collaterally attack any matter pertaining to this prosecution and sentence if the sentence imposed is consistent with the terms of this agreement.

**5.     PERJURY AND OTHER FALSE STATEMENT OFFENSES OR OTHER OFFENSES**

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by defendant after the date of this agreement.  Any information, statements, documents, and

3

1    evidence which defendant provides to the United States pursuant to this agreement may be used

2    against the defendant in all such prosecutions.

3    **6.**    **REINSTITUTION OF PROSECUTION**

4       If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the

5    United States will be free to prosecute the defendant for all charges of which it has knowledge,

6    and any charges that have been dismissed because of this plea agreement will be automatically

7    reinstated.  In such event, defendant waives any objections, motions, or defenses based upon the

8    Statute of Limitations, the Speedy Trial Act or constitutional restrictions in bringing of the later

9    charges or proceedings.  The defendant understands that any statements made at the time of the

10    defendant's change of plea or sentencing may be used against the defendant in any subsequent

11    hearing, trial or proceeding as permitted by Fed. R. Crim. P. 11(e)(6).

12    **7.**    **DISCLOSURE OF INFORMATION TO U.S. PROBATION OFFICE**

13       (a)    Defendant understands the United States' obligation to provide all information in

14    its file regarding defendant to the United States Probation Office.

15       (b)    The defendant will cooperate fully with the United States Probation Office.  Such

16    cooperation will include truthful statements in response to any questions posed by the Probation

17    Department.

18    **8.**    **FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

19       (a)    Nothing in this agreement shall be construed to protect the defendant from civil

20    forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an

21    action for civil forfeiture.  There are no forfeiture issues pending in this case to the knowledge

22    of the parties.

23                     **FACTUAL BASIS**

24       I further agree that if this matter were to proceed to trial the United States could prove

25    the following facts beyond a reasonable doubt:

26    **Elements of Offense:**

27       (1)    The defendant knowingly carried out a scheme or plan to deprive the Washington

28    Mutual Bank of money and funds;

1      (2)  The defendant acted with the intent to deprive the   Washington Mutual Bank of the

2  money and funds it held for customers;

3      (3)  The   Washington Mutual Bank, was federally insured.

4      On or about February 25, 2005, the  defendant, BRIAN PEREZ, entered the federally

5  insured Washington Mutual Bank located at 7952 N. 43rd Avenue, Glendale Arizona. He entered

6  the bank with a check, number 1638, in the amount of $4,766.45, drawn on the Bank of America

7  account of AWSM Technology.

8      The defendant, knowing he had no right to access the funds of AWSM Technology,

9  placed his name on the payee line of check number 1638.  The check was endorsed and the

10  defendant deposited it into his account at Washington Mutual.

11      The defendant knew he was not the lawful payee on any check from AWSM

12  Technology as he had no connection with this company.

13  ## DEFENDANT'S APPROVAL AND ACCEPTANCE

14      I have read each of the provisions of the entire plea agreement with the assistance of

15  counsel and understand its provisions.

16      I have discussed the case and my constitutional and other rights with my attorney.  I

17  understand that by entering my plea of guilty I will be giving up my rights to plead not guilty,

18  to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present

19  evidence in my defense, to remain silent and refuse to be a witness against myself by asserting

20  my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed

21  innocent until proven guilty beyond a reasonable doubt.

22      I agree to enter my guilty plea as indicated above on the terms and conditions set forth

23  in this agreement.

24      I have been advised by my attorney of the nature of the charges to which I am entering

25  my guilty plea.  I have further been advised by my attorney of the nature and range of the

26  possible sentence and that my ultimate sentence will be determined according to the guidelines

27  promulgated pursuant to the Sentencing Reform Act of 1984.

28

1  My guilty plea is not the result of force, threats, assurances or promises other than the
2  promises contained in this agreement. I agree to the provisions of this agreement as a voluntary
3  act on my part, rather than at the direction of or because of the recommendation of any other
4  person, and I agree to be bound according to its provisions.

5  I fully understand that, if I am granted probation or placed on supervised release by the
6  court, the terms and conditions of such probation/supervised release are subject to modification
7  at any time. I further understand that, if I violate any of the conditions of my
8  probation/supervised release, my probation/supervised release may be revoked and upon such
9  revocation, notwithstanding any other provision of this agreement, I may be required to serve
10  a term of imprisonment or my sentence may otherwise be altered.

11  I agree that this written plea agreement contains all the terms and conditions of my plea
12  and that promises made by anyone (including my attorney), and specifically any predictions as
13  to the guideline range applicable, that are not contained within this <u>written</u> plea agreement are
14  without force and effect and are null and void.

15  I am satisfied that my defense attorney has represented me in a competent manner.

16  I am fully capable of understanding the terms and conditions of this plea agreement. I
17  am not now on or under the influence of any drug, medication, liquor, or other intoxicant or
18  depressant, which would impair my ability to fully understand the terms and conditions of this
19  plea agreement.

20
21
22  4/12/06
    Date

    BRIAN PEREZ
    Defendant

24
25  **DEFENSE ATTORNEY'S APPROVAL**

26  I have discussed this case and the plea agreement with my client, in detail and have
27  advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional
28  and other rights of an accused, the factual basis for and the nature of the offense to which the

6

guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

4/12/06
Date

CELIA RUMANN
Attorney for Defendant

## UNITED STATES' APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

PAUL K. CHARLTON
United States Attorney
District of Arizona

4/12/06
Date

PAUL V. ROOD
Assistant U.S. Attorney

## COURT'S ACCEPTANCE

8/18/06
Date

DAVID G. CAMPBELL
United States District Court Judge

7